72493. FOWLER v. ESSEX COMPANY et al.
(347 SE2d 348)

McMURRAY, Presiding Judge.

On or about March 3, 1982, plaintiff purchased from defendants, who are investment brokers, certain municipal bonds of a principal value of $100,000. The bonds in question were callable on July 1, 1983. On or about January 1, 1984, plaintiff learned that the issuer of the bonds had exercised the callable feature of the bonds on July 1, 1983. No interest was earned on the bonds subsequent to the date of the exercise of the callable feature so that in effect plaintiff's $100,000 sat idle, earning no interest from the date of the exercise of the callable feature (July 1, 1983) until plaintiff's discovery thereof (January 1, 1984).

Plaintiff filed this action alleging breach of contract and breach of fiduciary duty. The crux of both counts of plaintiff's action is his allegation that defendants orally promised to notify him if and when the callable feature of the bonds was exercised by the issuer of the bonds. Plaintiff alleged that he relied upon defendants' promises and was damaged in the amount of interest lost while his funds sat idle.

Defendants' argument in support of motion for summary judg-

ment contends that the alleged oral promise could not be performed within one year and is therefore unenforceable due to the general Statute of Frauds. See OCGA § 13-5-30 (5). Plaintiff contends that under the provisions of OCGA § 11-8-319 the confirmation of the purchase and sale of securities which defendants sent to him following the transaction is sufficient to remove the contract (including the oral promise to notify as to exercise of callable features) from the Statute of Frauds. Plaintiff appeals from the grant of summary judgment to defendants. *Held:*

It is uncontroverted that plaintiff and defendants were involved in a purchase and sale of securities to which OCGA § 11-8-319 is applicable. However, the Statute of Frauds found in OCGA § 11-8-319 applies only to a "contract for the sale of securities." The alleged oral promise to notify was collateral to the contract for sale of securities, thus is governed by the general Statute of Frauds contained in OCGA § 13-5-30. See generally 21 ALR3d 964 (4d); OCGA § 11-1-103; *Hamby v. Truitt*, 14 Ga. App. 515 (3) (81 SE 593); *Reinhart v. Rauscher Pierce Corp.*, 490 P2d 240, 244 [7], and *Shpilberg v. Merrill Lynch, Pierce &c.*, 535 SW2d 227.

"Where the time when the contract is to be performed depends on some contingency, it is within [OCGA § 13-5-30 (5)], provided, the contingency can not happen within the year . . ." *Burney v. Ball*, 24 Ga. 505 [4]. Thus, defendants' alleged promise to notify plaintiff of exercise of the callable feature of the bonds was subject to the Statute of Frauds and required to be in writing. OCGA § 13-5-30 (5). The trial court did not err in granting summary judgment to defendants.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JULY 2, 1986.

*P. Craig Davis*, for appellant.
*John D. Comer*, for appellees.